## A. B. JEAN v. STATE.

No. A-7647.   Opinion Filed Dec. 13, 1930.
(294 Pac. 653.)

Clay Snodgrass and W. M. Williams, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of selling one gallon of whisky, and was sentenced to pay a fine of $100 and serve 30 days in the county jail.

Earl Fennel and Walter Norris testified they went to the home of the defendant the evening of February 22, 1929, and Earl Fennel bought a gallon of whisky from the defendant, for which he paid $5.   Fennel admits he was hired by the sheriff and furnished money to go out and detect parties who are suspected of selling whisky, and admitted he had been convicted of larceny and served a term in the Texas penitentiary.   Walter Norris corroborated Fennel as to the purchase of the whisky.   The defendant denies he sold the prosecuting witness Fennel whisky, and for his defense he pleads an alibi that he was not at home on the date the prosecuting witness alleges the whisky was purchased from the defendant, and called several witnesses who testified they accompanied the defendant and his wife to Altus, where they attended a meeting of the League of Young Democrats.

The defendant assigns three errors, the first being that the court erred in refusing to quash the jury panel up-

on the timely motion made by the defendant. An examination of the record shows that, after the jury had been impaneled and several cases tried, the court discharged the following jurors: A. T. Stephenson, L. W. Hager, and S. York, from the regular panel that had been duly selected, impaneled, and sworn for the term, without assigning any reason therefor. The defendant urges that the two jurors, Hager and York, were discharged, because they had sat in the trial of a man named Parker, who was charged with a crime, and hung the jury, voting for an acquittal, and that the court in his desire to see the defendant convicted discharged the two jurors from the panel. The contention of the defendant is not borne out by the record. The record shows that the jurors were discharged, but does not show the reason why they were discharged, and there is no contention of the defendant that he was deprived of a fair and impartial trial by reason of the jurors mentioned being discharged. The motion of the defendant to discharge the panel was properly overruled.

The second and third assignments relate to the insufficiency of the evidence to sustain the verdict of the jury. The testimony is conflicting. The state's witnesses swear positively they bought the whisky from the defendant. The defendant says he did not sell any whisky, for the reason that he was not at home at the time the state's witnesses say they bought the whisky, but was away from home with other witnesses who testify in this case they attended a meeting of the League of Young Democrats at Altus. It has been the universal holding of this court that, where there was any competent testimony to go to the jury, though the testimony was conflicting, this court would not disturb the verdict of the jury.

The defendant was accorded a fair and impartial trial. The court properly advised the jury as to the law applica-

ble to the facts in this case. There are no errors in the record sufficient to warrant a reversal. The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.